**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **JOSEPH BROWN** | * | **Case No: 17-18122-TJC** |
| | | **Chapter 7** |
| **Debtor,** | * | |
| * * * * * * | * | * * * * * |
| **JANET M. NESSE, TRUSTEE** | * | |
| **Plaintiff,** | * | |
| | | **Adv. Proc. No. 21-_____** |
| v. | * | |
| | * | |
| **REGINA HOWARD,** | | |
| 4338 Governor Kent Court, | * | |
| Upper Marlboro, MD 20772 | | |
| | * | |
| **Defendant.** | | |
| * * * * * * | | * * * * * * |

**COMPLAINT TO AVOID FRAUDULENT TRANSFER AND RELATED RELIEF**

Janet M. Nesse (the "Trustee"), by undersigned counsel, files this Complaint to avoid a fraudulent transfer and to recover property pursuant to 11 U.S.C. §§ 522(g), 544(b), 548, 550, and Md. Comm. Law Code §§ 15-204-207, and for cause, states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. § 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

4. The Trustee consents to the entry of final orders and judgments by this Court.

## THE PARTIES

5. Debtor Joseph Brown (henceforth "Debtor") is a Maryland resident and a Chapter 7 debtor before this Court.

6. Defendant Regina Howard (henceforth "Ms. Howard," and collectively with the Debtor, the "Defendants") is a resident of Maryland and is the daughter of the Debtor. Ms. Howard is not in bankruptcy.

7. Plaintiff Janet M. Nesse is the Chapter 7 trustee in the Debtor's pending bankruptcy case.

## FACTUAL BACKGROUND

8. On April 21, 2014, Sheila Delaney filed a complaint for breach of contract against the Debtor and Brown Services, LLC. On February 13, 2015, Ms. Delaney filed a Motion for Default Judgment against the Debtor and Brown Services, LLC, which was granted on March 31, 2015. On July 8, 2016, a judgment was entered in favor of Ms. Delaney against Debtor and Brown Services, LLC in the amount of $161,020.00.

9. On January 15, 2016, the Debtor transferred to Ms. Howard the real property located at 4638 Governor Kent Court, Upper Marlboro, MD 20772 (the "Property") via a quitclaim deed (the "Transfer"). As stated in the quitclaim deed, the Property was transferred from the Debtor to Ms. Howard for the consideration of ten dollars.

10. At the time of the Transfer, the Debtor had no significant non-exempt assets other than the Property.

11. At the time of the Transfer, the Debtor had significant debts in excess of his assets other than the Property.

12. On June 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code.

13. The Debtor did not list the Property on his schedules, and, instead, stated that he resided at 4145 Southern Avenue, Apt. 203, Capitol Heights, MD 20743.

14. The Debtor did not list the Transfer on his Statement of Financial Affairs.

15. On July 29, 2017, the Debtor filed a Notice of Change of Address, stating that he now resided at the Property. The Debtor did not file any amendment to his schedules indicating that he had previously owned the Property nor did he amend his schedules to list the Transfer.

16. On September 19, 2017, the Debtor was discharged, and the bankruptcy was closed.

17. On September 21, 2021, the U.S. Trustee moved to reopen the Debtor's Chapter 7 bankruptcy case.

18. The Transfer was made within two years of the Debtor's bankruptcy while he was in debt to numerous creditors listed on his schedules, including but not limited to Ms. Sheila Delaney.

19. By transferring the Property during his litigation with Ms. Delaney and prior to Ms. Delaney obtaining a judgment, the Debtor hindered, delayed and defrauded Ms. Delaney on collection of her judgment, and possibly other creditors.

## COUNT I
**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A))**

20. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

21. The Transfer was made on January 15, 2016, within the two year period prior to the Petition Date.

3

22. The Transfer was made with the intent to hinder delay and defraud creditors.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfer as a fraudulent transfer pursuant to 11 U.S.C § 548(a)(1)(A).

b. Quieting Title to the Property in the name of the estate in fee simple; or alternatively,

c. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the Transfer that Defendant received, plus attorneys' fees and costs.

## COUNT II
### (Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))

23. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

24. The Transfer was made on January 15, 2016, within the two year period prior to the Petition Date.

25. The Debtor was insolvent at the time of the Transfer.

26. At the time of the Transfer, the Debtor was engaged in businesses or transactions for which any property remaining with the Debtor was an unreasonably small capital.

27. At the time of the Transfer, the Debtor intended to incur, or believed the Debtor would incur, debts beyond the Debtor's ability to pay as they matured.

28. The Transfer was made without a fair consideration and, at the time said Transfer was made, the Debtor was insolvent or was rendered insolvent by said Transfer.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfer as a fraudulent transfer pursuant to 11 U.S.C § 548(a)(1)(B);

b. Quieting Title to the Property in the name of the estate; or alternatively,

    c.    Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the Transfer that Defendant received, plus attorneys' fees and costs.

## COUNT III
### (Avoidance and Recovery of Fraudulent Transfers
### Pursuant to 11 U.S.C. § 544, Md. Comm. Law Code § 15-204)

29.    Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

30.    There exists at least one creditor, including, but not limited to, Sheila Delaney, who had an allowable claim against the Debtor as of the date of the Transfer and the Petition Date.

31.    The Transfer was made without a fair consideration and, at the time said Transfer was made, the Debtor was insolvent or was rendered insolvent by said Transfer.

**WHEREFORE**, Plaintiff requests that judgment be entered,

    a.    Avoiding the Transfer as a fraudulent transfer pursuant to 11 U.S.C § 544 and Md. Comm. Law Code § 15-204.

    b.    Quieting Title to the Property in the name of the estate; or alternatively,

    c.    Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the Transfer that Defendant received, plus attorneys' fees and costs.

## COUNT IV
### (Avoidance and Recovery of Fraudulent Transfers
### Pursuant to 11 U.S.C. § 544, Md. Comm. Law Code § 15-205)

32.    Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

33.    There exists at least one creditor, including, but not limited to, Sheila Delaney, who had an allowable claim against the Debtor as of the date of the Transfer and the Petition Date.

34. The aforesaid Transfer was made without a fair consideration and, at the time of said Transfer, the property remaining in the hands of the Debtor was unreasonably small capital for a person engaged or about to engage in a business such as that of the Debtor.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfer as a fraudulent transfer pursuant to 11 U.S.C § 544 and Md. Comm. Law Code § 15-205.

b. Quieting Title to the Property in the name of the estate; or alternatively,

c. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the Transfer that Defendants received, plus attorneys' fees and costs.

### COUNT V
### (Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 544, Md. Comm. Law Code § 15-206)

35. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

36. There exists at least one creditor, including, but not limited to, Sheila Delaney who had an allowable claim against the Debtor as of the date of the Transfer and the Petition Date.

37. The aforesaid Transfer was made by the Debtor in prejudice of the rights of present creditors.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfer as a fraudulent transfer pursuant to 11 U.S.C § 544 and Md. Comm. Law Code § 15-206.

b. Quieting Title to the Property in the name of the estate; or alternatively,

c. Granting judgment against the Defendants pursuant to 11 U.S.C. § 550 in the amount equal to the Transfer that Defendant received, plus attorneys' fees and costs.

# COUNT VI
### (Avoidance and Recovery of Fraudulent Transfers
### Pursuant to 11 U.S.C. § 544, Md. Comm. Law Code § 15-207)

38. Plaintiff incorporates by reference, as if fully restated herein, the preceding allegations of the Complaint.

39. There exists at least one creditor, including, but not limited to, Sheila Delaney, who had an allowable claim against the Debtor as of the date of the Transfer and the Petition Date.

40. The aforesaid Transfer was made by the Debtor with the intent to hinder, delay and defraud creditors.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfer as a fraudulent transfer pursuant to 11 U.S.C § 544 and Md. Comm. Law Code § 15-207.

b. Quieting Title to the Property in the name of the estate; or alternatively,

c. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the Transfer that Defendant received, plus attorneys' fees and costs.

Date: October 4, 2021

Respectfully submitted,

/s/ Justin P. Fasano
Janet M. Nesse (#07804)
Justin P. Fasano (#28659)
McNamee, Hosea, et al.,
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel for Janet M. Nesse,*
*Chapter 7 Trustee for the estate of Joseph Brown*