IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| IN RE: | |
| JOSEPH BROWN | Case NO.: 17-18122-TJC |
| | Chapter 7 |
| Debtor | |
| | |
| JANET M. NESSE, | Adv. NO.: 21-00203 |
| Plaintiff | |
| v. | |
| REGINA HOWARD | |
| Defendant | |

**DEFENDANT REGINA HOWARD ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Regina Howard, by her attorneys, Robert N. Grossbart, Esquire and Grossbart, Portney, & Rosenberg, PA, hereby files this Answer and Affirmative Defenses in response to the Complaint filed by, Janet M. Nesse and Justin P. Fasano, Esquire and respectfully states the following:

1. The allegations of paragraphs 1 to 9; 12 to 18 of Plaintiffs' Complaint are admitted.

2. The allegations of paragraphs 10;11 and 19 of Plaintiffs' Complaint are neither admitted nor denied.

## Count I

3. The allegations of paragraph 20 of Plaintiffs' Complaint are neither admitted nor denied consistent with her answers provided in paragraphs 1 through 19.

4. The allegations of paragraph 21 of Plaintiffs' Complaint are admitted.

5. That the Defendant denies the allegations stated in paragraph 22.

Wherefore, the Plaintiffs request should be denied, and no damages should be awarded the Plaintiff.

## Count II

6. The allegations of paragraph 23 of Plaintiffs' Complaint are neither admitted nor denied consistent with her answers provided in paragraphs 1 through 22.

7. The allegations of paragraph 24 and 30 of Plaintiffs' Complaint are admitted.

8. The allegations of paragraph 25; 26 and 29 of Plaintiffs' Complaint are neither admitted nor denied.

9. That the Defendant denies the allegation stated in paragraph 27 and 28.

Wherefore, the Plaintiffs request should be denied, and no damages should be awarded the Plaintiff.

## Count III

10. The allegations of paragraph 29 of Plaintiffs' Complaint are neither admitted nor denied consistent with her answers provided in paragraphs 1 through 28.

11. The allegations of paragraph 30 of Plaintiffs' Complaint are admitted.

12. That the Defendant denies the allegations stated in paragraph 31.

Wherefore, the Plaintiffs request should be denied, and no damages should be awarded the Plaintiff.

### Count IV

13. The allegations of paragraph 32 of Plaintiffs' Complaint are neither admitted nor denied consistent with her answers provided in paragraphs 1 through 31.

14. The allegations of paragraphs 33 of Plaintiffs' Complaint are admitted.

15. The allegation of paragraph 34 of Plaintiffs' Complaint is denied.

Wherefore, the Plaintiffs request should be denied, and no damages should be awarded the Plaintiff.

### Count V

16. The allegations of paragraph 35 of Plaintiffs' Complaint neither admitted nor denied consistent with her answers provided in paragraphs 1 through 34.

17. The allegations of paragraphs 36 of Plaintiffs' Complaint are admitted.

18. The allegation of paragraph 37 of Plaintiffs' Complaint is denied

Wherefore, the Plaintiffs request should be denied, and no damages should be awarded the Plaintiff.

### Count VI

19. The allegations of paragraph 38 of Plaintiffs' Complaint are neither admitted nor denied consistent with her answers provided in paragraphs 1 through 37.

20. The allegations of paragraph 39 of Plaintiffs' Complaint are admitted.

21. The allegation of paragraph 40 of Plaintiffs' Complaint is denied.

Wherefore, the Plaintiffs request should be denied, and no damages should be awarded the Plaintiff.

.

## **Affirmative Defenses**

Defendant Regina Howard further states that the Plaintiff's alleged claims are barred by the following affirmative defenses pursuant to Bankruptcy Rule 7008 (c)(1).

1. Accord and Satisfaction;
2. Arbitration and award;
3. Assumption of Risk;
4. Contributory Negligence;
5. Duress;
6. Estoppel;
7. Failure of consideration;
8. Fraud;
9. Illegality;
10. Injury by fellow servant;
11. Laches;
12. License;
13. Payment;
14. Release;
15. Res judicata;
16. Statute of Frauds;
17. Statute of limitations and
18. Waiver.

Defendant Regina Howard herby reserves the right to assert additional defenses, which may arise as the discovery in this case progresses.

Respectfully submitted,

Date: November 18, 2021

/s/ Robert N. Grossbart
Robert N. Grossbart, Esquire (04116)

One North Charles Street, Suite 1214
Baltimore, MD 21201
410-837-0590
410-837-0085 Fax
Email: Robert@grossbartlaw.com.
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 18, 2021, a copy of the foregoing Answer to Complaint was mailed first class, postage prepaid to the Debtor, Office of the U.S. Trustee, 101 W. Lombard Street, 2nd Floor, Baltimore, Maryland 21201;, Janet M. Nesse, McNamee, Hosea, et al. 6411 Ivy Lane, Suite 200, Greenbelt, Md 20770, Chapter 7 Trustee and Justin Philip Fasano, McNamee, Hosea et al., 6411 Ivy Lane Suite 200, Greenbelt, MD 20770   attorney for Plaintiff.

/s/ Robert N. Grossbart
Robert N. Grossbart, Esquire