## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter the "Agreement") is made, as of the last date listed below, by and between Janet M. Nesse in her capacity as the Chapter 7 Trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Joseph Brown (the "Debtor"), on the one hand, and the Debtor and Regina Howard (the "Settling Party"), on the other hand. The Trustee, the Debtor and the Settling Party are referred to hereinafter collectively as the "Parties."

### RECITALS

### The Debtor

WHEREAS, on June 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") (Case No. 17-18122-TJC) (the "Bankruptcy Case");

WHEREAS, the Trustee has been appointed as the trustee by the Office of the United States Trustee;

WHEREAS, the Debtor's Bankruptcy Case is presently pending in the Bankruptcy Court;

WHEREAS, prior to January 15, 2016, the Debtor owned a property located at 4638 Governor Kent Court, Unit 487, Upper Marlboro, MD 20772 (the "Property").

WHEREAS, the Trustee asserts that on January 15, 2016, the Debtor and transferred the Property solely to Settling Party in fee simple, for no consideration (the "Transfer").

WHEREAS, on October 4, 2021, the Trustee filed an adversary proceeding against the Settling Party, Adv. Proc. No. 21-20003-TJC.

WHEREAS, the Trustee, the Debtor and the Settling Party desire to fully resolve and settle any all claims between them on the terms set forth herein; and

WHEREAS, the Trustee, the Debtor, and the Settling Party have negotiated and reached this Agreement in good faith.

### THE AGREEMENT

**NOW, THEREFORE**, in consideration of the mutual releases set forth herein and the payment of certain sums provided herein by the Settling Party to the Trustee, which the Trustee, the Debtor and the Settling Party agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, it is hereby agreed by the Parties as follows:

1.    <u>Settlement Payment</u>:  The Debtor and/or Settling Party will pay to the Trustee the total sum of $52,500.00 (the "Payment") by no later than April 12, 2022 (the "Payment Date"). All Payments shall be payable to *Janet M. Nesse, Chapter 7 Trustee of Joseph Brown*, and sent

EXHIBIT A

to Justin P. Fasano, McNamee Hosea, P.A, 6411 Ivy Lane, Suite 200, Greenbelt MD 20770. This Agreement shall be effective only upon the entry of a final and non-appealable order of the Bankruptcy Court approving the terms and conditions of the Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Final Order"). In the event that the Agreement is objected to and the Bankruptcy Court denies approval of this Agreement, then the Agreement shall be null and void and the Trustee shall return all Payments to the Settling Party. Nothing contained herein shall require any Party to appeal disapproval of this Agreement.

2.    <u>Release by Trustee</u>:   Upon receipt by the Trustee of all of the Payment and approval of this Agreement by the Bankruptcy Court, the Trustee, on behalf of the Debtor's estate, shall release and forever discharge the Debtor and the Settling Party from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the estate or the Trustee made, could have made, or is able to make against the Debtor and the Settling Party through the date hereof provided that the foregoing release will not apply to any obligation arising under this Agreement or to claims arising from or relating to the breach of this Agreement.   Upon approval of this agreement, the Trustee shall dismiss the Adversary Proceeding.

3.    <u>Tax Returns.</u>   The Debtor shall file his federal tax returns for 2014, 2015, and 2016 by no later than March 12, 2022 (the "Tax Deadline") and shall agree to an order of the Bankruptcy Court requiring him to do so.

4.    <u>Deed of Trust.</u> As security for the payment of the Payment, the Settling Party shall execute the Deed of Trust attached as **Exhibit A**.

5.    <u>Predecessors, Successors, and Assigns</u>: All persons or business entities granting releases hereby include any assignee, predecessor in interest, or successor in interest of the respective grantor.  All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

.6.    <u>Understanding and Counsel</u>: The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been represented by counsel with respect to this Agreement and all matters covered by and relating to it, (iii) they have entered into this Agreement for reasons of their own and not based upon representations of any other party hereto and (iv) they have full authority and right to grant the releases expressed herein and to bind the parties in all respects to this agreement.

7.    <u>Legal Fees and Costs</u>: Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the claims resolved by this Agreement and this Agreement.

8.    <u>Entire Agreement</u>: This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

9.    <u>Amendments</u>: This Agreement may not be orally modified.  This Agreement may only be modified in a writing signed by all of the Parties.

10.    Headings:  All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

11.    Construction: As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary.  "Person" shall include natural persons, corporations, partnerships, and/or any other entity which by law is treated as or has the rights of a natural person.

12.    Waiver and Modification:  The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

13.    Jurisdiction:  By this Agreement, each of the Parties submits to the jurisdiction of the United States Bankruptcy Court for the District of Maryland over any action to enforce or interpret this Agreement, and consents to the entry of final orders by the United States Bankruptcy Court for the District of Maryland in any action to enforce or interpret this Agreement.

14.    Counterparts and Facsimile Signatures:  This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the Parties.  This Agreement may be executed by facsimile or pdf copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

15.    Further Necessary Actions:   To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

16.    Actions to Enforce:   Should any action be brought by one of the Parties to enforce any provision of this Agreement, the non-prevailing party to such action shall reimburse the prevailing party for all reasonable attorneys' fees and court costs and other expenses incurred by the prevailing party in said action to enforce.

17.    Applicable Law:   This Agreement shall be construed and interpreted in accordance with the laws of the Maryland.  This Agreement shall not be construed against any of the Parties, but shall be given a reasonable interpretation.

18.    WAIVER OF JURY TRIAL.  THE PARTIES EACH AGREE THAT ANY SUIT, ACTION, OR PROCEEDING, WHETHER CLAIM OR COUNTERCLAIM, BROUGHT OR INSTITUTED BY EITHER PARTY, OR ANY SUCCESSOR OR ASSIGN OF EITHER PARTY, ON OR WITH RESPECT TO THIS SETTLEMENT AGREEMENT, OR WHICH IN ANY WAY RELATES, DIRECTLY OR INDIRECTLY, TO THE OBLIGATIONS OF EITHER PARTY UNDER THIS SETTLEMENT AGREEMENT, OR THE DEALINGS OF THE PARTIES WITH RESPECT THERETO, SHALL BE TRIED ONLY BY A COURT AND NOT BY A JURY. BOTH PARTIES HEREBY EXPRESSLY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH SUIT, ACTION, OR PROCEEDING. IT IS AGREED AND UNDERSTOOD THAT THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS AGAINST ALL PARTIES TO SUCH ACTIONS OR PROCEEDINGS, INCLUDING CLAIMS AGAINST PARTIES WHO ARE NOT PARTIES TO THIS NOTE. THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY THE PARTIES, AND BOTH PARTIES HEREBY REPRESENT THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS

EFFECT. BOTH PARTIES FURTHER REPRESENT THAT THEY HAVE BEEN REPRESENTED IN THE SIGNING OF THIS SETTLEMENT AGREEMENT THAT THEY HAVE HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL. BOTH PARTIES ACKNOWLEDGE AND AGREES THAT THIS PROVISION IS A SPECIFIC AND MATERIAL ASPECT OF THE AGREEMENT BETWEEN THE PARTIES AND THAT NEITHER PARTY WOULD ENTER INTO THIS TRANSACTION IF THIS PROVISION WERE NOT PART OF THEIR AGREEMENT.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement under seal on the day and year set forth above.

**The Bankruptcy Estate of Joseph Brown**

By: _____     Dated: 2|17|22

Name: Janet M. Nesse

Title:   Chapter 7 Trustee

**Regina Howard**

By: _____   Dated: 2|12|2022     Dated: _____

**Joseph Brown**

By: _____   Dated: 2-12-2022     Dated: _____

4

# DEED OF TRUST

No Title Insurance

This Deed of Trust is made this 31st day of January, 2022, the Grantor is **Regina Howard** (the "Debtor"). The Trustees are **AARON NEAL and JUSTIN P. FASANO** ("Trustee") whose addresses are McNamee Hosea, P.A., 6411 Ivy Lane, Suite 200, Greenbelt MD 20770. The beneficiary is **JANET M. NESSE, CHAPTER 7 TRUSTEE FOR JOSEPH BROWN** and whose address is Janet M. Nesse, Esq McNamee Hosea, P.A., 6411 Ivy Lane, Suite 200, Greenbelt MD 20770 ("Creditor"). Debtor owes Creditor the principal sum of **FIFTY TWO THOUSAND, FIVE HUNDRED U.S. DOLLARS AND NO CENTS (U.S. $52,500.00).** This debt is evidenced by the Settlement Agreement dated the same date as this Deed of Trust (the "Settlement Agreement"). This Deed of Trust secures to Creditor: (a) the repayment of the debt, including attorneys' fees and costs of collection, evidenced by the Settlement Agreement, and all renewals, extensions, and modifications; (b) the payment of all other sums earned by Creditor to protect the security of this Security Instrument; and (c) the performance of Debtor's covenants and agreements. For this purpose, Debtor irrevocably grants and conveys with special warranty to Trustee, in trust, with power of sale, the property located in **Prince George's County, Maryland**, and more fully described as the property:

> Being known and designated as Unit No. 487 in Building 484, which building is designated as No. 4638 Governor Kent Court in Marlborough Condominium as established pursuant to the Declaration made by Marlborough Development Corporation dated 4/26/86 and recorded among the land records of Prince George's County in Liber NLP No. 6319 Folio 312 and pursuant to and shown on the Condominium Plats entitled "Marlborough Condominium, Phase 10" consisting of three (3) sheets, recorded among said land records in Condominium Plat Book No. NLP No. 136 Folio 49, et seq. The improvements thereon being known as no. 4638 Governor Kent Court Unit 487 Upper Marlboro, MD 20772.

The improvements thereon being known as 4638 Governor Kent Court, Unit 487, Upper Marlboro, MD 20772.

BEING the same property(ies) conveyed to Regina Howard by deed dated January 15, 2016 and recorded in the land records of Prince George's County, Maryland at Book 37783, Page 015 on January 15, 2016;

**TOGETHER WITH** all improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil, and gas rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust as the "Property".

**DEBTOR COVENANTS** that Debtor is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Debtor warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Regina Howard Deed of Trust – Page 1 of 6

**COVENANTS.** Debtor and Creditor covenant and agree as follows:

1. Payment of Settlement Agreement. Debtor shall promptly pay when due the balance of the debt evidenced by Settlement Agreement.

2. Charges; Lien. Debtor shall pay, when due, all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust, and leasehold payments or ground rents, if any.

3. Hazard Insurance. Debtor shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included with the term "extended coverage" and any other hazards for which Creditor requires insurance. This insurance shall be maintained at all times and in the amounts that Creditor requires, not to exceed the full replacement cost, provided that the insurance shall be chosen by Debtor. In the event of loss, Debtor shall give prompt notice to the insurance carrier and Creditor. Creditor may make proof of loss if not made promptly, fully and correctly by Debtor.

Unless Creditor and Debtor otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the property damaged, if the restoration or repair is economically feasible and Creditor's security is not lessened. If the restoration or repair is not economically feasible or Creditor's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Debtor. If Debtor abandons the Property, or does not answer within 10 days a notice from Creditor that the insurance carrier has offered to settle a claim, then Creditor may collect the insurance proceeds. Creditor may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 10-day period will begin when the notice is give.

If the Property is acquired by Creditor, Debtor's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Creditor, to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

4. Preservation and Maintenance of Property; leaseholds. Debtor shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste.

5. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Creditor, to the extent Creditor is owed money under the Settlement Agreement.

6. Debtor not Released; Forbearance by Creditor not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Debtor shall not operate to release the liability of the original Debtor or Debtor's successors in interest. Creditor shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise

modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Debtor or Debtor's successors in interest. Any forbearance by Creditor in exercising any right or remedy shall not be a waiver of or preclude the further or future exercise, by Creditor, of any right or remedy.

7. **Successors and Assigns Bound.** The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Creditor and Debtor.

8. **Notices.** Any notice to Debtor provided for in this Deed of Trust shall be shall be noticed to the Debtor and Robert Grossbart, Esq., their current attorney, or any other attorney subsequently designated by Debtor, by first class mail and by e-mail. Notice shall be deemed effective upon, and the ten (10) day opportunity to cure shall begin to run from, the date of mailing and/or e-mailing of the notice. Any notices required to be given under this Deed of Trust shall be shall be delivered to:

> If to Debtor:
>
> > Regina Howard
> > 4638 Governor Kent Court, Unit 487
> > Upper Marlboro, MD 20772
>
> With a copy to counsel:
>
> > Robert Grossbart
> > Grossbart, Portney & Rosenberg, P.A.
> > One Charles Center, 20th Floor
> > Baltimore, MD 21201                robert@grossbartlaw.com
>
> If to Secured Party:
>
> > Justin P. Fasano, Esq.
> > McNamee Hosea, P.A.
> > 6411 Ivy Lane, Suite 200
> > Greenbelt, MD 20770
> > jfasano@mhlawyers.com

9. **Governing Law; Severability.** This Deed of Trust shall be governed by federal law and the law of Maryland. In the event that any provision or clause of this security Instrument or the Settlement Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Settlement Agreement which can be given effect without the conflicting provision. To this and the provisions of this Deed of Trust and the Settlement Agreement are declared to be severable.

10. **Debtor's copy.** Debtor acknowledges receipt of a conformed copy of the Settlement Agreement and of this Deed of Trust.

Regina Howard Deed of Trust – Page 3 of 6

11. Transfer of the Property. Except to the extent expressly prohibited by law, if all or any part of the Property or any interest in the Property is sold or transferred without Creditor's prior written consent, Creditor may, at its option, require immediate payment in full of all sums secured by this Deed of Trust.

12. Acceleration; Remedies. In the event of a default by Debtor under the Settlement Agreement or a default by Debtor in any covenants and agreements hereunder or in the event of a breach of any of Debtor's representations and warranties herein, Creditor, at his option, may require immediate payment in full of all sums secured by this Deed of Trust without further demand or notice to Debtor and may invoke the power of sale and any other remedies provided in this paragraph 12.

If Creditor invokes the power of sale, Creditor shall mail, or cause the Trustee to mail, a notice of sale to Debtor in the manner prescribed by applicable law. The Trustee shall give notice prescribed by applicable law. The Trustee, without demand on Debtor, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Creditor or its designee may purchase the Property at any sale and pay the Purchase price by application against the purchase price of the debt secured hereby.

Trustee shall deliver to the purchaser the Trustee's Deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's Deed shall be prima facie evidence of the truth of the statements made therein. The Trustee shall apply the proceeds of the sale in the following order; (a) to all expenses of the sale, including, but not limited to, Trustee's fees in the maximum amount permitted by law and reasonable attorneys' fees of an attorney who is not a salaried employee of Creditor in an amount equal to 15% of the amount secured by this Security Instrument; (b) to all sums secured by this Deed of Trust; and (c) any excess to the person or persons legally entitled to it.

13. Assignment of Rents; Creditor in Possession. As additional security hereunder, Debtor hereby assign to the Trustee for the benefit of the Creditor, the rents of the Property, provided that upon acceleration under paragraph 12 or abandonment of the Property, Trustee (by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Trustee or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust.

14. Release. Upon payment of all sums secured by this Deed of Trust, Creditor or Trustee shall release this Deed of Trust without charge to Debtor and mark the Settlement Agreement paid and return the Settlement Agreement to Debtor. Creditor shall pay any recordation costs for the release.

Regina Howard Deed of Trust – Page 4 of 6

15. Substitute Trustee.  Creditor, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the city or county in which this Security Instrument is recorded.  Without conveyance of the Property, the successor Trustee shall succeed to all the title, power and duties conferred upon trustee herein and by applicable law.

16. Waiver of Right to Increase Prior Deed of Trust.  Debtor hereby waives Debtor's rights, if any, to increase any senior Deed of Trust or Mortgage on the Property under any provision contained therein governing optional future advance, and, to the extent permitted by law, waives Debtor's rights under any law which provides for an increase of said prior Deed of Trust or Mortgage to pay for repairs, improvements, replacements, taxes, municipal liens, assessments or other charges on the Property.  If, notwithstanding the foregoing waiver, such funds, are advanced to or on behalf of Debtor, whether voluntarily or involuntarily, Debtor agrees that Creditor, at his option, may accelerate the indebtedness secured hereby as provided in paragraph 12.

**By signing this deed of trust, Debtor acknowledges that all provisions have been read and understood.**

REGINA HOWARD

By: _Regina Howard_    (print name)

State of: _Maryland_
County of: _Charles_

I Hereby Certify, that on this 31ˢᵗ day of _Jan_, 2022, before me, the subscriber, a Notary Public of the above State, in and for the County aforesaid, personally appeared REGINA HOWARD, known to me or satisfactorily proven to be the person(s) whose name(s) are subscribed to within the instrument and acknowledged that they executed the same for the purposes therein contained.

NATALIE R. SIMPSON
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires _07/19/2023_

As Witness my hand and notarial seal.

My Commission Expires: _07/19/2023_

_Natalie R. Simpson_
Notary Public

State of: _____
County of: _____

I hereby certify that this instrument was prepared under my supervision, and that I am an attorney admitted to practice before the Court of Appeals of Maryland.

Justin P. Fasano, Esq.

Regina Howard Deed of Trust – Page 6 of 6